INTERCRAFT INDUSTRIES CORP. v. KAREN M. MORRISON AND EMPLOY-
MENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8110SC68

(Filed 6 October 1981)

**Master and Servant § 108.1— unemployment compensation—absence caused by failure to find child care—not willful misconduct**

Defendant was not disqualified from receiving unemployment benefits where she was discharged after a series of ten absences, the tenth of which was caused by her inability to find child care for Saturday work which was mandatory overtime. The employer had the burden of establishing claimant's discharge resulted from misconduct, and the employer failed to meet its burden.

Judge HEDRICK dissenting.

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 12 September 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 1 September 1981.

Plaintiff (employer) appeals from a judgment affirming a decision by defendant Employment Security Commission (commission) that defendant Karen M. Morrison (claimant) is not disqualified for unemployment compensation benefits.

*Pope, McMillan, Gourley and Kutteh, by William H. McMillan, for plaintiff appellant.*

*T. S. Whitaker, Attorney for Employment Security Commission of North Carolina, by V. Henry Gränsee, Jr., Staff Attorney, for defendant appellees.*

WHICHARD, Judge.

The issue is whether the commission properly concluded that claimant's absence from work due to inability to secure child care, while unexcused and in violation of employer's policy, nevertheless did not constitute such "misconduct connected with [her] work," G.S. 96-14(2), as to disqualify her for unemployment compensation benefits. We hold that it did.

Claimant commenced work with employer on 4 September 1979. Employer's policy permitted a maximum of six days absence in a twelve month period. The seventh absence resulted in "oral

warning"; the eighth, in "written warning"; the ninth, in "final written warning"; and the tenth, in "termination."

On 22 January 1980, pursuant to this policy, employer notified claimant in writing that if she incurred one further charged absence in the next thirty days, she would subject herself "to further discipline and/or discharge." On 15 February 1980 employer notified claimant in writing that on 7 February 1980 she "had another charged absence," and that if she incurred still another within thirty days her employment would be terminated. On 16 February 1980, a Saturday, claimant was absent from work. Her "absentee report," filed with employer's Employee Relations Office, stated under the heading "Explanation," "No Babysitter." She testified at the commission's hearing on her claim that her husband was a truck driver and that she "couldn't work on Saturday because [she] didn't have a babysitter." When asked if "[i]t was just a matter where [she] simply couldn't find child care," she responded, "Yes, I just couldn't." Evidence for the employer tended to establish that Saturday work was mandatory overtime if the employer posted notice by the preceding Thursday that Saturday was to be a work day. Claimant's evidence indicated that she did not see the posted notice on this occasion, but that her supervisor did discuss it with her.

The commission made the following pertinent findings of fact:

2. Claimant was discharged from this job for being absent on February 16, 1980, a scheduled day of overtime work. She was absent because she had no child care that day. The absence was not excused.

3. The claimant had been warned, and was aware, that ten (10) unexcused absences within a twelve-month period would result in her discharge. The absence on February 16, 1980, was her tenth unexcused absence.

These findings are supported by competent evidence and thus are conclusive on appeal. G.S. 96-4(m); G.S. 96-15(i); *In re Thomas*, 281 N.C. 598, 189 S.E. 2d 245 (1972); *In re Abernathy*, 259 N.C. 190, 130 S.E. 2d 292 (1963); *Yelverton v. Furniture Industries*, 51 N.C. App. 215, 275 S.E. 2d 553 (1981); *In re Cantrell*, 44 N.C. App. 718, 263 S.E. 2d 1 (1980). The question, then, as noted above, is whether these findings support the commission's conclusion that

claimant was not disqualified from unemployment compensation benefits by "misconduct connected with [her] work." G.S. 96-14(2).

This court has approved the following definition of "misconduct" as it relates to unemployment compensation statutes:

> "* * * [T]he term 'misconduct' [in connection with one's work] is limited to conduct evincing such wilful or wanton disregard of an employer's interest as is found in *deliberate* violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an *intentional* and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. * * *"

*In re Collingsworth,* 17 N.C. App. 340, 343-344, 194 S.E. 2d 210, 212-213 (1973), *quoting Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636 (1941) (emphasis supplied). This court has also found the following rule persuasive:

> [W]e must evaluate both the reasonableness of the employer's request in light of all the circumstances, and the employee's reasons for noncompliance. *The employee's behavior cannot fall within "wilfull misconduct" if it was justifiable or reasonable under the circumstances,* since it cannot then be considered to be in wilfull disregard of conduct the employer "has the right to expect." In other words, *if there was "good cause" for the employee's action, it cannot be charged as wilfull misconduct.*

*Cantrell,* 44 N.C. App. at 722, 263 S.E. 2d at 3, *quoting McLean v. Board of Review,* 476 Pa. 617, 620, 383 A. 2d 533, 535 (1978) (emphasis supplied). Thus, while "[a] claimant's deliberate and unjustifiable refusal to report to work . . . constitutes misconduct sufficient to disqualify claimant from receiving benefits," *Cantrell,* 44 N.C. App. at 723, 263 S.E. 2d at 4, benefits are properly awarded if there was good cause for the claimant's action, rendering the conduct justifiable or reasonable under the circumstances.

The commission found here that claimant's absence was due to her inability to obtain child care for the day of mandatory overtime. The finding supports a conclusion that "good cause" existed

for the absence, which rendered it justifiable and reasonable under the circumstances. The finding, therefore, supports the conclusion that the absence which occasioned claimant's dismissal did not amount to wilful misconduct connected with her work, under the test articulated in *Cantrell.* 44 N.C. App. at 722, 263 S.E. 2d at 3. Although the commission found that the employer did not excuse claimant's absence and that claimant knew her tenth unexcused absence could result in her discharge, these findings did not dictate a conclusion that the discharge was for misconduct. An absence which an employer refuses to excuse does not necessarily constitute misconduct as that term has been defined by this court for purposes of determining disqualification for unemployment compensation benefits.

It is immaterial that the commission made no finding as to what, if anything, claimant did to obtain child care or as to whether she advised her employer that she had a problem in that respect. The employer, as the party attempting to deny unemployment compensation benefits, has the burden of establishing that a claimant's discharge resulted from misconduct. The employer here did not produce evidence regarding claimant's efforts to obtain child care or to advise the employer of her problem. Nor did it cross examine claimant in this respect. Under these circumstances, the commission correctly concluded that the employer had not met its burden of showing that claimant's discharge resulted from misconduct; and claimant's unchallenged testimony that she "simply couldn't find child care" was sufficient to support the finding which underlies the commission's conclusion that claimant was not discharged for misconduct connected with her work.

Affirmed.

Judge HILL concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

The Commission based its conclusion that claimant was not disqualified to receive unemployment benefits upon its finding that "[s]he was absent because she had no child care that day."

The Commission concedes that the employer's work rules relating to the termination of the claimant's employment for ten unexcused absences is *reasonable*, and the Commission found as a fact that the claimant was advised on Thursday that she was expected to work "mandatory overtime" on Saturday; and the Commission further found that her absence on Saturday was unexcused. The Commission made no finding whatsoever as to what, if anything, the claimant did to obtain "child care" or that she advised or notified her employer that she had any problem. In my opinion, the absence of such findings is most material. The employer had carried its burden when it proved to the satisfaction of the Commission that the claimant had violated a reasonable rule of the employer with respect to unexcused absences. If the Commission, as it did, was going to substitute its rule or excuse for that of the employer, the least the Commission could have done was to support such a conclusion by findings of fact as to what, if anything, the claimant did to justify her conduct in not coming to work. The Commission accepted the claimant's excuse and thereby substituted its decision for that of the employer as to whether the absence was "unexcused." In my opinion the decision of the Commission, and the opinion of the majority, effectively guts the reasonable work rules of the employer. The ruling of the Commission, and the decision of the majority affirming that ruling, announces that any employee can violate the reasonable work rules of his or her employer by simply stating after the fact that he or she was unable to obtain "child care." Under the circumstances of this case, all an employee has to do is simply announce that he or she was unable to get a babysitter for the day he or she was supposed to work. While the decision rendered today by the majority is a victory for one female claimant, it will cause employers to think twice before employing women with little children who might need child care. I vote to reverse.