IN THE MATTER OF: MARTHA G. MILLER v. GUILFORD COUNTY SCHOOLS AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8218SC864

(Filed 21 June 1983)

**Master and Servant § 108.1— unemployment compensation—refusal to assume additional work assignment—no misconduct**

An employee who was discharged because she refused to assume an additional permanent work assignment on the ground that she did not have time to perform the additional task was not discharged for misconduct connected with her work so as to disqualify her for unemployment compensation.

APPEAL by Guilford County Board of Education, Employer, and the Employment Security Commission of North Carolina from *Helms, Judge.* Judgment entered 7 June 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 June 1983.

Defendant employer and the Employment Security Commission of North Carolina appeal from a judgment of the Superior Court reversing a decision by the Employment Security Commission that plaintiff claimant is disqualified for unemployment compensation benefits. The Commission made the following findings of fact:

1. Claimant last worked for Guilford County Schools on January 12, 1981. From January 18, 1981 until January 24, 1981, claimant has registered for work and continued to report to an employment office of the Commission and has made a claim for benefits in accordance with G.S. 96-15(a).

2. Claimant was discharged from this job for refusing to assume the duties involved in publishing the newsletter, on a permanent or indefinite basis, in addition to her primary graphic arts responsibilities.

3. Claimant was initially employed as a part-time graphic artist in the fall of 1978. In July 1979, claimant became a full-time employee.

4. On January 12, 1981, claimant was questioned by Mr. Phill Tate, Director of Community Education, regarding her progress on the upcoming newsletter, tentatively scheduled

In re Miller v. Guilford County Schools

for February 1981 publication. At this time, claimant voiced her objection to having full responsibility for the newsletter and Tate informed claimant that she was to assume full responsibility for same. The only way claimant could continue her employment was to assume said responsibility.

5. Claimant refused to assume full responsibility for the newsletter due to time constraints. Claimant and Tate had different opinions regarding claimant's available time to perform newsletter related duties. Claimant had the skills to perform the newsletter related duties, but contended the newsletter duties would adversely affect her graphic arts performance.

6. Claimant assumed full responsibility for the November 1980 newsletter to parents and December 1980 newsletter to staff, at Tate's request. Prior thereto, Tate had full responsibility for the newsletters.

7. Claimant could have performed the newsletter duties in total. It was a division of labor decision made by employer.

The Commission concluded that claimant refused to perform the duties involved in publishing the newsletter, on a permanent of indefinite basis, in addition to her primary graphic arts responsibilities; therefore, claimant must be "disqualified for benefits for having been discharged from the job for misconduct connected with the work." The Superior Court found the Commission erred in concluding that the claimant was guilty of misconduct, and reversed the order of the Commission. From the judgment entered, defendant employer and the Employment Security Commission appealed.

*Smith Moore Smith Schell & Hunter, by Richard W. Ellis for plaintiff, appellee.*

*Douglas, Ravenel, Hardy, Crihfield & Bullock, by John W. Hardy for defendant-appellant, Guilford County Board of Education.*

*V. Henry Gransee, Jr. for defendant-appellant, Employment Security Commission of North Carolina.*

HEDRICK, Judge.

The question presented by this appeal is whether it is misconduct connected with work for an employee to refuse to assume an additional, permanent work assignment because she did not agree with her supervisor's decision that she had time to perform the additional task. The Employment Security Law of North Carolina, in part, provides: "An individual shall be disqualified for benefits . . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work." N.C. Gen. Stat. Sec. 96-14(2).

"Misconduct," in the context of this statute, has been defined as "conduct which shows a wanton or wilful disregard for the employer's interest, a deliberate violation of the employer's rules, or a wrongful intent." *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 375, 289 S.E. 2d 357, 359 (1982) (citations omitted). Although ordinarily a claimant is presumed to be entitled to benefits under the Unemployment Compensation Act, this is a rebuttable presumption with the burden on the employer to show circumstances which disqualify the claimant. *Id.* at 376, 289 S.E. 2d at 359. In considering an appeal from a decision of the Employment Security Commission, the reviewing court must "(1) determine whether there was evidence before the Commission to support its findings of fact and (2) decide whether the facts found sustain the Commission's conclusions of law and its resulting decision." *Id.* (citation omitted). The findings of fact in the present case were not challenged, thus they are conclusive. In *re Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 364, 291 S.E. 2d 308, 309 (1982).

While the evidence discloses the employer had the right to discharge the claimant for her refusal, in our opinion the claimant was not discharged for misconduct within the meaning of the statute so as to disqualify her for unemployment benefits. Claimant was employed as a graphic artist and had the right to refuse to assume additional job responsibilities if she wished, but the employer had the right to discharge her if she so refused. The issue here is not whether the employer had the right to assign this duty to claimant, or whether claimant had the right to refuse to do the task, but is whether claimant's behavior rises to the level of misconduct within the statute. It does not follow from the

right to discharge an employee for his or her refusal to assume additional job responsibilities that the employee by refusing was wilfully or wantonly disregarding the employer's interest. To extend the definition of misconduct in such an expansive fashion, as appellants would have it, would be to abandon questions of wrongful intent, willfulness, wantonness, or deliberate misbehavior. In our opinion, the employer failed to carry its burden of showing circumstances which disclose that the employee was discharged for misconduct within the meaning of the statute. The findings do not support the Commission's conclusions of law, thus the court was correct in reversing the order of the Commission. The judgment of the Superior Court will be affirmed and the proceeding will be remanded to that court for the entry of an order remanding the cause to the Employment Security Commission for the entry of an appropriate order consistent with this opinion.

Affirmed.

Judges WELLS and PHILLIPS concur.