BETTY J. PHILLIPS v. KINCAID FURNITURE COMPANY, INC. AND EMPLOY-
MENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8325SC365

(Filed 20 March 1984)

**Master and Servant § 108.1— unemployment compensation—misconduct preclud-
ing recovery**

The trial court erred in reversing an Industrial Commission decision find-
ing that plaintiff should be disqualified from receiving unemployment compen-
sation benefits by reason of misconduct since there was ample evidence to
support the Commission's finding that claimant "refus[ed] to do her assigned
work as instructed by the supervisor in charge" and since the claimant's action
in refusing to proceed with her work as instructed constituted misconduct.
G.S. 96-15(i).

APPEAL by the Employment Security Commission and the
employer, Kincaid Furniture Company, from *Beaty, Judge.* Judg-
ment entered 2 November 1982 in Superior Court, CALDWELL
County. Heard in the Court of Appeals 6 March 1984.

This is an appeal from an order of the Superior Court revers-
ing the Employment Security Commission's denial of claimant's
application for unemployment benefits. The record discloses the
following:

Betty J. Phillips, claimant, was employed by Kincaid Fur-
niture Company at its place of business in Hudson, North
Carolina, as a glaze wiper. On 4 May 1982, she was discharged
from her job. Claimant then filed an initial claim for unemploy-
ment benefits. Because a question was raised as to whether Ms.
Phillips should be disqualified from receiving benefits by reason
of misconduct, her claim was referred to an adjudicator pursuant
to N.C. Gen. Stat. Sec. 96-15, who determined that she was not
disqualified from receiving benefits. The employer appealed the
decision, and an appeals referee, after an evidentiary hearing,
made findings of fact and conclusions of law and held that claim-
ant was disqualified for unemployment benefits by reason of
misconduct. Ms. Phillips appealed this decision to the Commission,
which made findings of fact that, except where quoted, are sum-
marized as follows:

On 4 May 1982, Ms. Phillips was instructed by her supervisor
"to do her share of the work." Claimant demanded to speak with

her regular supervisor, who was not present at the time. She then told the supervisor in charge that "she did not work for him and did refuse to work," whereupon she was discharged "for wilfully and without good cause refusing to do her assigned work as instructed by the supervisor in charge."

The Employment Security Commission then entered an order denying claimant's application for benefits. Ms. Phillips appealed to the Superior Court, which reversed the decision of the Commission and held that claimant is entitled to unemployment benefits "for the period beginning 6 June 1982." Employer Kincaid Furniture Company and the Employment Security Commission appealed.

*No counsel for claimant, appellee.*

*Kathryn S. Aldridge for the Employment Security Commission, appellant, and Kennedy, Covington, Lobdell and Hickman, by Stephen M. S. Courtland, for Kincaid Furniture Company, Inc., appellant.*

HEDRICK, Judge.

The standard of review for an appellate court in reviewing the action of the Employment Security Commission is established by N.C. Gen. Stat. Sec. 96-15(i): "In any judicial proceeding under this section the findings of the Commission as to the facts, if there is evidence to support it, and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." This part of the statute has been discussed by our courts many times. *See e.g., In re Baptist Children's Homes v. Employment Security Comm.*, 56 N.C. App. 781, 783, 290 S.E. 2d 402, 403 (1982):

> The scope of judicial review of appeals from decisions of the Employment Security Commission is a determination of whether the facts found by the Commission are supported by competent evidence and, if so, whether the findings support the conclusions of law.

Bearing in mind the standard by which we are to be guided, we turn to the record to determine whether there was evidence to support the findings of fact made by the Commission. We note the testimony of Bernard Edwards, assistant foreman:

Q. Tell me what you remember about, any, excuse me, any interaction you may have had with Ms. Phillips on May the 4th of this year?

A. I gave her instructions to do a job and she refused to do it, said she didn't work for me.

Q. What, what did you tell her to do?

A. Well she buffs glaze, that's what she does for, that's what her job was, and she said she didn't work for me, and I told her Blaine was gone, he wouldn't be back til after dinner. She said she wasn't going to do nothing until she talked to Blaine. I said, well, either one you want to do, either work or I'll clock you out. She said, that's up to you, but I'm not going to do nothing until I talk to Blaine.

Q. So you clocked her out?

A. I clocked her out and headed toward the office with her and when I got up to the office she wasn't there, she was gone. I don't know where she went, must have went on home I guess.

Ernie McAteer, personnel manager, testified as follows:

Q. Now how did she come to be unemployed, did you discharge her, did she quit or what happened?

A. Well, she was, told by, the assistant foreman in the finishing room, Mr. Edwards, that is here with me, to, she was given instructions by him of which she, refused to, comply with. She told that she didn't work for him. The foreman over the entire department was not present at the time, he was, he was not in the plant, and, of course Mr. Edwards was in charge and had all the authority of . . .

Q. Okay.

A. . . . the foreman when, when he is not there.

Claimant, in her testimony, denied telling Mr. Edwards that she did not work for him and alleged that she refused to work only because other employees were attempting to provoke a fight.

We think there was ample evidence to support the Commission's finding that claimant "refus[ed] to do her assigned work as

instructed by the supervisor in charge" on 4 May 1982. Although the evidence regarding the circumstances surrounding Ms. Phillips' discharge was controverted, the Commission made specific findings of fact resolving the controversy. These findings are supported by the evidence and thus are conclusive on appeal.

We turn now to the question whether the Commission's findings of fact support its conclusions of law and decision. In denying claimant's claim for benefits, the Commission concluded that "the claimant's wilful conduct was insubordinate and . . . without good cause," and constituted "misconduct connected with the work."

"Misconduct," while not defined by statute, has been the subject of much discussion by our courts. In *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 375, 289 S.E. 2d 357, 359 (1982), our Supreme Court adopted the following definition:

> [M]isconduct sufficient to disqualify a discharged employee from receiving unemployment compensation is conduct which shows a wanton or wilful disregard for the employer's interest, a deliberate violation of the employer's rules, or a wrongful intent.

The Court went on to say:

> However, a violation of a work rule is not wilful misconduct if the evidence shows that the employee's actions were reasonable and were taken with good cause. . . . This Court has defined a "good cause" to be a reason which would be deemed by reasonable men and women valid and not indicative of an unwillingness to work.

*Id.* at 375-76, 289 S.E. 2d at 359.

We think it clear that claimant's action in refusing to proceed with her work as instructed constitutes misconduct under the definition adopted in *Intercraft*. Further, we think her alleged fear of other employees, uncommunicated to her supervisor, did not constitute "good cause" under *Intercraft*. We thus hold the Commission's decision supported by its conclusions of law which are in turn supported by findings of fact. The Superior Court erred in its holding to the contrary.

The result is: the judgment of the Superior Court is reversed and the cause is remanded to the Superior Court for entry of an

order reinstating the order of the Employment Security Commission disqualifying claimant from receiving unemployment insurance benefits.

Reversed and remanded.

Judges HILL and JOHNSON concur.