EMILY R. LANCASTER v. BLACK MOUNTAIN CENTER AND EMPLOYMENT
SECURITY COMMISSION OF NORTH CAROLINA

No. 8328SC1218

(Filed 28 December 1984)

**Master and Servant § 108.1— unemployment compensation—insufficient evidence
and findings of misconduct**

  Findings by the Employment Security Commission did not support the
conclusion that claimant was discharged as a health care technician in an in-
stitution for the mentally retarded for misconduct connected with her work so
as to disqualify her from receiving unemployment compensation benefits
where the evidence supported findings that claimant attached a piece of paper
to a resident's head, drew a circle on one resident's nose, and placed a resi-
dent's eyeglasses on over a headband, but there was no evidence or findings
that claimant's actions constituted physical or emotional abuse as those terms
are defined in the employer's manual or that claimant willfully or deliberately,
with evil intent, disregarded her employer's interests.

APPEAL by employer Black Mountain Center and Employ-
ment Security Commission of North Carolina from *Howell, Judge.*
Order and judgment entered 11 August 1983 in Superior Court,
BUNCOMBE County. Heard in the Court of Appeals 19 September
1984.

Employer Black Mountain Center and the Employment Se-
curity Commission of North Carolina ("Commission") appeal from
a decision reversing an order of the Commission which dis-
qualified claimant Emily Lancaster from receiving unemployment
benefits on the ground of misconduct associated with her work.

  *Bob Warren, for claimant appellee.*

  *Attorney General Rufus L. Edmisten, by Assistant Attorney
General Robert E. Cansler, for appellant Black Mountain Center.*

  *Donald R. Teeter, for appellant Employment Security Com-
mission of North Carolina.*

JOHNSON, Judge.

Claimant was discharged from her employment as a health care technician with appellant Black Mountain Center (employer), an institution for severely mentally retarded individuals, on 17 December 1982 for alleged "gross personal misconduct." In the letter of termination, the employer charged that claimant committed six incidents which were the cause of her discharge: (1) engaging in inappropriate verbalization to residents by saying to a resident: "Why are you living?" and "You should not have been born"; (2) attaching a paper with tape over the face of a resident; (3) drawing a circle in ink on a resident's nose and placing a dot inside the circle; (4) pulling a headband over a resident's face and placing the resident's glasses over the headband; (5) spraying a resident in the face with water; and (6) handling residents roughly by jerking their limbs, shaking them, or slapping their faces.

Claimant applied for unemployment compensation. From the denial of her application on the ground that she was disqualified from receiving benefits due to work-related misconduct, she appealed to the appeals referee, who allowed her to recover. The employer appealed to the Commission, which reversed the appeals referee and denied her benefits. The Commission made the following pertinent findings of fact:

> 3. As to the six (6) alleged incidents [for which claimant was terminated]:
>
> (i) The claimant admits saying "Why are you living?" but denies saying "You should not have been born." It is found as fact that she did say "Why are you living?" to a resident or residents.
>
> (ii) The claimant admits attaching a piece of paper with tape over the face of a resident, and it is found as fact she did.
>
> (iii) The claimant admits drawing a circle in ink on a resident's nose and placing a dot within the circle, and it is found as fact she did.
>
> (iv) The claimant admits pulling a headband over a resident's face and then putting the resident's glasses over the headband, and it is found as fact she did.

(v) The claimant admits spraying water in the face of a resident, while bathing the resident, and it is found as fact she did.

(vi) The claimant denies handling residents in a rough manner, no evidence was introduced to support that she did, and it is found as fact she did not.

4. As to incident (v) *supra*, the claimant's action was, apparently, accidental while she was bathing a resident. As to incidents (i), (ii), (iii) and (iv), she gives as reasons that she was acting in jest, in play, or otherwise attempting to evoke responses from these residents, who have IQ's of no more than six-month old children. She, however, admits to knowing, and it is found as fact, that each resident had a written treatment plan showing his specified needs and that none of her actions in incidents (i), (ii), (iii) or (iv) were contained as treatments in the treatment plans. Her actions were things she decided to do wilfully on her own.

5. The employer's written policies and G.S. 122-55.1, *et seq.* are intended to ensure to the residents the right to dignity, privacy and humane care, and they prohibit physical and emotional abuse. Emotional abuse is defined in the policies as associated with acts of harrassment, teasing or other behaviors which belittle or "attack" the ego of the person and may cause or causes emotional harm. Emotional abuse also is defined in the policies as verbal abuse. The claimant knew or should have known of these policies, because she had been given training for her job.

6. The claimant did not have good cause for her admitted actions in incidents (i), (ii), (iii) and (iv).

Based upon these findings, the Commission concluded that claimant's actions constituted misconduct disqualifying her from receiving unemployment benefits.

Claimant appealed to the Superior Court of Buncombe County which entered the following Order:

This matter was heard by the undersigned at the July 25, 1983 civil session of Superior Court for the county of Buncombe and reviewed as provided in G.S. § 96-15. The Court

having examined the record on appeal and reviewed the evidence finds and concludes:

1. That Commission finding 3 (i) is not supported by the evidence. Claimant was asked if she made such a statement to a specific patient. She denied this specifically, and the only testimony is that she does not deny because she cannot recall this statement. The employer failed to offer evidence to show where or when or under what circumstances such statement was made.

EXCEPTION NO. 1 of the Employer and the Employment Security Commission.

2. Commission finding 3 (ii). This finding is not supported by evidence. The claimant only admitted that she attached a piece of paper across the head of a patient to draw attention to her finding (sic); that she attached a paper "over the face" implies that she blinded the patient. This was not what the claimant admitted.

EXCEPTION NO. 2 of the Employer and the Employment Security Commission.

3. Commission finding 3 (iii). This finding is supported by the evidence.

4. Commission finding 3 (iv). This is totally unsupported by the evidence. Claimant admitted putting a headband over the forehead of a patient where it was supposed to be and putting prescribed glasses on her nose where they were supposed to be. She specifically denies switching the headband with the glasses as implied in this finding. (See page 54 of the transcript.)

EXCEPTION NO. 3 of the Employer and the Employment Security Commission.

5. Commission finding 3 (v). This finding is supported by the evidence.

The Court concludes that the findings of fact which are supported by the evidence are insufficient to constitute "misconduct" because there was a total failure on the part of the employer to show the effect, if any, of the claimant's actions,

and the evidence is insufficient to show that the employee wilfully disregarded the employer's interest. Therefore, the employer did not meet its burden to show circumstances which disqualify this claimant from unemployment benefits.

EXCEPTION NO. 4 of the Employer and the Employment Security Commission.

Now, therefore, it is ordered, adjudged and decreed that the decision of the Employment Security Commission under docket 83(G)1423 is hereby reversed, and it is further ordered that the claimant is entitled to unemployment benefits as provided by law.

Appellants contend the Superior Court erred by making findings of fact in contradiction of the findings of fact made by the Commission. The law is settled that the jurisdiction of the Superior Court in reviewing a decision of the Commission is limited to determining whether there is evidence to support the Commission's findings of fact and whether these findings so supported sustain the legal conclusions and the award. G.S. 96-15(i); *In re Enoch*, 36 N.C. App. 255, 243 S.E. 2d 388 (1978). The Superior Court in the present case did not make additional findings of fact, but was properly carrying out its review function by explaining how the findings were not supported by the evidence. This contention is overruled.

We next review the evidence to determine whether the Superior Court was correct in "finding" that several of the Commission's findings were not supported by the evidence. As to whether plaintiff allegedly made certain statements to residents, the employer, who had the burden of showing the claimant to be disqualified from receiving benefits, *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E. 2d 357 (1982), presented no evidence that claimant made these statements. The only evidence with respect to these alleged statements consisted of claimant's testimony at the hearing. Claimant testified that she could not remember making either of the statements, "Why are you living?" or "You should not have been born." She denied making the statements to a specific resident. The Commission apparently based its finding of fact that she made the statement, "Why are you living?" from the following exchange:

Lancaster v. Black Mountain Center

Q. Do you deny making the first statement, why are you living?

A. I don't deny it, no.

Q. You don't deny it.

A. But I cannot recall.

In the absence of other evidence to indicate she made the statement, we do not believe the Commission could validly find as a fact that claimant made the statement from her refusal to deny it because she could not recall whether or not she made the statement. We agree with the Superior Court that the Commission's finding was not supported by evidence.

As for the allegation that claimant attached a piece of paper over a resident's face, the record shows claimant testified that she attached a piece of paper on a resident's head, "not over the face." No evidence was presented to contradict this testimony. Thus, as the Superior Court properly concluded, the Commission's finding was not supported by the evidence.

As for the finding with respect to the placement of the headband and glasses, the evidence is conflicting. At the hearing, claimant testified that she placed the headband and glasses at their proper places. However, employer presented a written document in claimant's handwriting and signed by claimant in which she admitted placing the glasses on over the headband. Since there was evidence to support the Commission's finding, the Superior Court erred in concluding the Commission's finding was not supported by evidence.

We next consider whether the Commission's findings of fact sustain its conclusions of law. Since the policy of the Employment Security Act is to alleviate the burdens upon one unemployed through no fault of his own, sections in the Act disqualifying one from receiving benefits should be strictly construed in favor of the claimant. *In re Watson*, 273 N.C. 629, 161 S.E. 2d 1 (1968). G.S. 96-14(2) provides that an individual "shall be disqualified" from receiving unemployment benefits if the Commission determines that the individual was discharged for misconduct connected with his work. Such misconduct disqualifying one from receiving benefits has been defined by this Court and the Supreme Court as

"conduct which shows a wanton or wilful disregard for the employer's interest, a deliberate violation of the employer's rules, or a wrongful intent." *Intercraft Industries Corp. v. Morrison, supra,* at 375, 289 S.E. 2d at 359; *In re Collingsworth,* 17 N.C. App. 340, 194 S.E. 2d 210 (1973).

The ground asserted by the Commission and the employer for disqualifying claimant from receiving benefits is that claimant disregarded or violated her employer's written policies prohibiting physical and emotional abuse. These policies are outlined in an administrative policy manual issued to each employee. Physical abuse is defined in the manual as "any action which may cause or causes physical or emotional harm or injury." Emotional abuse is defined as "abuse which takes on a non-physical form [such as] acts of harrassment, teasing or other behavior which belittle or 'attack' the ego of the person and may cause or causes emotional harm." Attached to the appendix of the manual are examples of physical and emotional abuse, which include "unnecessary teasing, making fun of a resident, or unduly criticizing a resident, causing embarrassment, ridicule or belittlement." Claimant characterized her actions as "harmless teasing."

A violation of a work rule does not constitute misconduct if the evidence shows an employee's actions were reasonable and taken with good cause. *Intercraft Industries Corp. v. Morrison, supra.* Claimant testified that she did take the questioned actions to attract attention to residents who craved attention or to distract or calm a resident in an agitated state; that these actions achieved their purpose and received positive reactions from other staff personnel; that she had never been warned that her behavior would not be tolerated; and that even though her actions were not included in the treatment plans for the residents, she was encouraged to add to the treatment plans as she saw fit.

As indicated *supra*, the employer has the burden of proving a claimant disqualified from receiving benefits. Here, the Commission's findings supported by evidence show that claimant attached a piece of paper to a resident's head, drew a circle on one's nose, and placed eyeglasses on over a headband and that employer had policies prohibiting abuse of residents. There were no findings, nor evidence to support findings, that claimant's actions constituted physical or emotional abuse as those terms are defined in

the employer's manual, or that claimant wilfully or deliberately, with evil intent, disregarded her employer's interests. The employer has failed to carry its burden. We agree with the Superior Court that the Commission's findings do not sustain a conclusion that claimant's actions constituted misconduct. We, therefore, except as modified herein, affirm the Superior Court's order declaring claimant to be entitled to receive unemployment benefits.

Modified and affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.