KENNETH WEST, Appellant v. GEORGIA-PACIFIC CORP. and EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, Appellees

No. 918SC769

(Filed 6 October 1992)

**1. Master and Servant § 108 (NCI3d) — unemployment compensation — employer's policy — testimony by supervisor — sufficiency of evidence**

In a proceeding for unemployment compensation benefits, the evidence was sufficient to support the trial court's finding that, under the employer's policy, an employee could be ter-

WEST v. GEORGIA-PACIFIC CORP.

[107 N.C. App. 600 (1992)]

minated for refusing to participate in an alcohol rehabilitation program where such evidence consisted of testimony by petitioner's supervisor.

**Am Jur 2d, Unemployment Compensation § 99.**

**Alcoholism or intoxication as ground for discharge justifying denial of unemployment compensation. 64 ALR4th 1151.**

2. **Master and Servant § 108.1 (NCI3d)— unemployment compensation—employee's refusal to participate in alcohol treatment program—discharge for misconduct**

In a proceeding for unemployment compensation, the trial court did not err in holding that the Commission's findings of fact supported its conclusion that petitioner had been discharged for misconduct connected with his work where competent evidence supported findings by the Commission that petitioner reported to work smelling of alcohol, admitted to having consumed approximately five beers that day, and refused participation in an alcohol treatment program despite the fact that he knew he would be terminated otherwise.

**Am Jur 2d, Unemployment Compensation §§ 99, 100.**

**Alcoholism or intoxication as ground for discharge justifying denial of unemployment compensation. 64 ALR4th 1151.**

APPEAL by petitioner from *Duke (W. Russell, Jr.), Judge.* Judgment entered 13 May 1991 in Superior Court, WAYNE County. Heard in the Court of Appeals 26 August 1992.

This is a proceeding wherein petitioner seeks to have respondent, Employment Security Commission [hereinafter "Commission"], award him unemployment compensation benefits as a result of the termination of his employment by respondent, Georgia-Pacific. The record discloses the following:

Petitioner worked as a machine operator for Georgia-Pacific Corp. from 1981 until his termination on 18 September 1990. On 17 September 1990, petitioner reported to work at approximately 5:30 p.m. At that time, his supervisor, Jimmy Ward, detected the odor of alcohol on petitioner's breath. Petitioner was asked to report to the Human Resources Director, Terri Malpass, who asked petitioner if he had been drinking. Petitioner responded that he had consumed a six pack of beer that morning around 11:00 a.m. Ms.

Malpass requested that petitioner take a blood test. Petitioner agreed and signed a consent form. He was then taken to a local hospital, but was refused the blood test since it had not been authorized by the plant physician. Petitioner returned to the plant, at which point, Ms. Malpass instructed him to go home and return to work the following day.

Petitioner returned to work on 18 September 1990 and was informed by Ms. Malpass that he would have to agree to enter an alcohol rehabilitation program as a condition of his continued employment. Petitioner refused and was terminated.

On 1 October 1990, petitioner applied for unemployment compensation benefits with the Commission. Petitioner's claim was denied on 3 October 1990 by the Adjudicator, Marilyn R. Sommers, who determined that petitioner was discharged for reporting to work under the influence of alcohol and for refusing to participate in an alcohol treatment program and was thus ineligible for benefits because he had been discharged for misconduct connected with his work pursuant to G.S. 96-14(2).

Petitioner appealed the Adjudicator's decision and a hearing was held before Appeals Referee James Proctor on 7 November 1990. Mr. Proctor also determined that petitioner was disqualified for benefits because of misconduct. At this point, petitioner appealed to the Commission and in a decision entered by the Chief Deputy Commissioner Thelma M. Hill on 11 January 1991, the Commission made findings of fact and conclusions of law and upheld the Appeal Referee's decision.

Petitioner then gave notice of appeal from the Commission's decision to superior court, and on 13 May 1991, Superior Court Judge W. Russell Duke, Jr., affirmed the decision of the Commission stating:

> The Court, having examined the record on appeal and reviewed the evidence therein contained, finds that the facts found by the Commission . . . were based upon competent evidence contained in the record; and the Court further finds that the Employment Security Commission properly applied the law to those facts in concluding that the employer has met its responsibility because the evidence shows that claimant

**WEST v. GEORGIA-PACIFIC CORP.**

[107 N.C. App. 600 (1992)]

was discharged from the job for misconduct connected with the work.

Petitioner appealed.

*Eastern Carolina Legal Services, by John R. Keller, for petitioner, appellant.*

*Employment Security Commission, by Chief Counsel T. S. Whitaker, and Staff Attorney John B. DeLuca, for respondent, appellee.*

*Haynsworth, Baldwin, Johnson and Graves, P.A., by James B. Spears, Jr., and Stephen D. Dellinger, amicus curiae.*

HEDRICK, Chief Judge.

[1] In his first assignment of error argued on appeal, petitioner contends the superior court erred in holding that Finding of Fact No. 8 of the Commission's decision was supported by competent evidence in the record. We disagree.

The Commission's Finding of Fact No. 8 states:

8. Under the employer's policy, an employee can be discharged for refusing to participate in the alcohol rehabilitation program when the employer has reason to believe that the employee's performance is impaired because of alcohol use.

While it is true that respondent employer did not submit any written evidence of such a policy at the hearing, testimony was presented by Jimmy Ward, petitioner's supervisor, confirming its existence. At the hearing, Mr. Ward was asked whether or not petitioner would have been terminated for his refusal to participate in the alcohol rehabilitation program absent any other evidence of misconduct on his part. Mr. Ward responded, "Yes sir, that's one of our rules." Mr. Ward further stated that both he and Ms. Malpass had made petitioner well aware of the fact that his agreement to participate in the alcohol treatment program was a condition of his continued employment prior to his refusal.

Judicial review of a decision of the Employment Security Commission is governed by G.S. 96-15(i) which provides in pertinent part:

In any judicial proceeding under this section, the findings of fact by the Commission, if there is any competent evidence

> to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law . . . .

Furthermore, this Court has often held that findings of fact made by the Commission, if supported by competent evidence in the record are conclusive on appeal. *Vanhorn v. Bassett Furniture Industries, Inc.*, 76 N.C. App. 377, 333 S.E.2d 309 (1985); *Yelverton v. Kemp Furniture Industries, Inc.*, 51 N.C. App. 215, 275 S.E.2d 553 (1981).

We hold there was competent evidence in the record to support the Commission's finding challenged by petitioner, and the superior court properly upheld such finding on review.

[2] Petitioner also contends the superior court erred in holding that the Commission's findings of fact supported its conclusion that petitioner had been discharged for misconduct connected with his work.

G.S. 96-14(2) provides in pertinent part:

> An individual shall be disqualified for benefits . . . if it is determined by the Commission that such individual is, at the time such claim is filed, unemployed because he was discharged for misconduct connected with his work. Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee . . . .

> "Discharge for misconduct with the work" as used in this section is defined to include but not be limited to separation initiated by an employer for reporting to work significantly impaired by alcohol . . . .

In *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E.2d 357 (1982), the Supreme Court interpreted the statutory disqualification for "misconduct" as follows:

> [M]isconduct sufficient to disqualify a discharged employee from receiving unemployment compensation is conduct which shows a wanton or willful disregard for the employer's interest, a deliberate violation of the employer's rules, or a wrongful intent. (citations omitted.)

WEST v. GEORGIA-PACIFIC CORP.

[107 N.C. App. 600 (1992)]

The obvious reasons for such a rule are to prevent benefits of the statute from going to persons who cause their unemployment by such callous, wanton, and deliberate misbehavior as would reasonably justify their discharge by an employer, and to prevent the dissipation of employment funds by persons engaged in such disqualifying acts.

*Id.* at 375, 289 S.E.2d at 359.

In the present case, the Commission made the following pertinent findings of fact:

3. The claimant was discharged for reporting to work with an odor of alcohol on him and refusing alcohol rehabilitation treatment. The claimant reported to work at or about 5:30 p.m. on September 17, 1990. Claimant admitted to having five beers that day starting at 10:30 a.m. . . . The supervisor smelled alcohol on the claimant when he reported at or about 5:30 p.m. and sent the claimant to the personnel office.

6. Claimant was asked to go through the alcohol rehabilitation program at Charter Northridge in Raleigh after he returned to the employer's place of business. Claimant refused. Claimant was told that if he refused to go through the rehabilitation program, he would be discharged.

7. Claimant was at the employer's last step in the employer's disciplinary process. He had a verbal warning concerning job performance. He had two written warnings for calling in and saying he would be coming to work late and then failing to come in at all or calling back.

From these findings, the Commission concluded that petitioner had been discharged for misconduct connected with the work.

The scope of appellate court review of decisions of the Commission is a determination of whether the facts found by the Commission are supported by competent evidence and, if so, whether the findings support the conclusions of law. *Reco Transportation, Inc. v. Employment Security Commission*, 81 N.C. App. 415, 344 S.E.2d 294, *disc. review denied*, 318 N.C. 509, 349 S.E.2d 865 (1986). Our review of the Commission's decision in the instant case reveals that the findings made by the Commission that petitioner reported to work smelling of alcohol and that petitioner admitted to having consumed approximately five beers that day are supported by com-

EDWARDS v. UNIVERSITY OF NORTH CAROLINA

[107 N.C. App. 606 (1992)]

petent evidence in the record. The record also indicates that petitioner was offered participation in an alcohol treatment program as a condition of further employment, but petitioner refused to participate in the program despite the fact he knew he would be terminated otherwise. These facts clearly support the Commission's conclusion that petitioner was discharged for "misconduct" pursuant to G.S. 96-14(2); and in our opinion, these facts establish that petitioner was discharged for misconduct connected with his work as a matter of law. Petitioner's conduct evidenced a "willful or wanton disregard of [his] employer's interest" and was in "deliberate violation or disregard of standards of behavior which the employer has [a] right to expect of his employee." Furthermore, petitioner's misconduct, "caused his unemployment," and he therefore should be disqualified from reviewing benefits pursuant to the statute.

Since the Commission's findings were supported by competent evidence and since those findings supported its conclusion of law, the superior court properly affirmed the decision of the Commission denying petitioner's claim for unemployment benefits.

Affirmed.

Judges LEWIS and WYNN concur.