IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-248

Filed: 3 September 2019

Wake County, No. 17 CVS 3679

DEVON J.A. BURROUGHS, Petitioner,

v.

GREEN APPLE, LLC, APPLE GOLD GROUP (DBA) APPLEBEE'S, and R. GLEN PETERSON, CHIEF COUNSEL, NORTH CAROLINA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, Respondents.

Appeal by respondent Division of Employment Security from order entered 9 August 2017 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 22 May 2019.

> *Mary McCullers Reece for petitioner-appellee.*
>
> *Respondent-appellant North Carolina Department of Commerce, Division of Employment Security Chief Counsel R. Glen Peterson, by Camilla F. McClain.*
>
> *No brief filed for respondent-appellee Green Apple, LLC.*

ZACHARY, Judge.

Respondent North Carolina Department of Commerce, Division of Employment Security ("the Division"), appeals from the superior court's order reversing the Board of Review's decision that Petitioner Devon J.A. Burroughs was disqualified from receiving unemployment compensation benefits. We affirm.

**Background**

Burroughs began working as a server for Applebee's in September 2015. Burroughs reported a wage-and-hour concern to Human Resources in May 2016, complaining of nonpayment for hours worked. Following an investigation, Applebee's issued a check to Burroughs in the amount of $1,299.45.

On 22 June 2016, Burroughs filed another complaint with Human Resources alleging that the assistant manager had engaged in a pattern of retaliatory behavior against him that included physical contact—specifically, "pushing [him] in [his] back" on one occasion. Human Resources employee Vanessa Roman opened an investigation into the complaint, and spoke with the assistant manager as well as other employees. Ms. Roman testified that, based on her investigation, she was unable to substantiate Burroughs's allegations.

On 18 July 2016, Ms. Roman held a meeting with Burroughs, the assistant manager, and the general manager. At the meeting, all parties were asked to sign a document stating that they "would all agree to move forward and align with the organization's guiding principles." The document also contained an acknowledgment that Applebee's had "completed [its] investigation into the concerns raised by" Burroughs's complaint, and had taken "corrective actions as needed."

Burroughs agreed to sign that portion of the document in which he pledged to abide by his employer's expectations moving forward, but he refused to sign the portion acknowledging that Applebee's had made a complete investigation into his

complaint and that appropriate corrective action had been taken. According to Ms.

Roman, Burroughs

> said he would only provide me with additional details to support his allegations if I provided him a copy of my investigation report. Since I was the one that conducted the investigation I was the lead on that case, I expressed to him that I had completed a thorough investigation into his concerns and that the document that we were asking him to sign was only a tool to memorialize our previous conversation about alignment and moving forward and again continuing to provide our guests with excellent service. He still refused and stated that he did not agree and he said I guess I can't work for you guys then. And at that moment we agreed to separate.

Burroughs last worked for Applebee's on 17 July 2016.

Burroughs filed a claim for unemployment insurance benefits on 7 August 2016. Ms. Roman reported that the reason for Burroughs's discharge was that he had "[f]ailed to follow instructions, policy, [and] contract." Thereafter, a claims adjudicator determined that Burroughs was disqualified from receiving unemployment insurance benefits pursuant to N.C. Gen. Stat. § 96-14.6(a)(b), in that he "was discharged for misconduct connected with the work." Burroughs appealed that decision to the Appeals Referee, who issued a decision on 9 November 2016 concluding that Burroughs had been "discharged for insubordination," which amounted to "misconduct connected with his work," thereby disqualifying him from receiving benefits. Burroughs appealed to the Board of Review, which affirmed the Appeals Referee's decision.

Burroughs petitioned for judicial review in Wake County Superior Court. By order entered 9 August 2017, the superior court reversed the Board's decision and ordered that "the agency shall [ensure] that [Burroughs] receives the unemployment benefits to which he is entitled as a matter of law." The Division filed timely notice of appeal from the superior court's order.

On appeal, the Division argues that the superior court erred by disregarding the applicable standard of review and reversing the Board's determination that Burroughs was discharged for misconduct connected with his work, disqualifying him from receiving unemployment benefits. We disagree, and affirm the superior court's order reversing the Board's decision and requiring that the Division issue to Burroughs the unemployment benefits to which he is entitled.

**Standard of Review**

The instant appeal arises under N.C. Gen. Stat. § 96-15(i).

> The statute provides in relevant part that in any judicial proceeding under this section, the findings of fact by the [Division], if there is any competent evidence to support them and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. Thus, findings of fact in an appeal from a decision of the Employment Security Commission are conclusive on both the superior court and this Court if supported by any competent evidence.

*James v. Lemmons*, 177 N.C. App. 509, 513, 629 S.E.2d 324, 328 (2006) (quotation marks and citation omitted). The Division's conclusions of law are reviewed *de novo*.

*Carolina Power & Light Co. v. Emp't Sec. Comm'n of N.C.*, 363 N.C. 562, 564, 681 S.E.2d 776, 778 (2009). A determination that an employee's unemployment is due to misconduct connected with the work is a conclusion of law, and is therefore reviewed *de novo*. *Bailey v. Div. of Empl. Sec.*, 232 N.C. App. 10, 11, 753 S.E.2d 219, 221 (2014).

**Discussion**

Pursuant to N.C. Gen. Stat. § 96-14.6, an individual will be disqualified from receiving unemployment benefits if the individual is discharged due to "misconduct connected with the work." N.C. Gen. Stat. § 96-14.6(a) (2017). The burden is on the employer to show that a claimant is unemployed due to misconduct, thereby disqualifying the individual from receiving unemployment benefits. *Intercraft Indus. Corp. v. Morrison*, 305 N.C. 373, 376, 289 S.E.2d 357, 359 (1982).

While an employer may be within its right in terminating an employee, this fact alone is not necessarily determinative of the employee's right to receive unemployment benefits. However, an employee who is fired for "misconduct connected with the work" will be disqualified from receiving unemployment benefits. *Williams v. Davie Cty.*, 120 N.C. App. 160, 165, 461 S.E.2d 25, 29 (1995). In the context of the statute, "misconduct" means "conduct which shows a wanton or wilful disregard for the employer's interests, a deliberate violation of the employer's rules, or a wrongful intent." *Intercraft Indus. Corp.*, 305 N.C. at 375, 289 S.E.2d at 359; *see also* N.C. Gen. Stat. § 96-14.6(b) (defining "misconduct connected with the work").

Nevertheless, "[v]iolating a work rule is not willful misconduct if evidence shows the employee's actions were reasonable and were taken with good cause." *Williams*, 120 N.C. App. at 164, 461 S.E.2d at 28. "Good cause is a reason which would be deemed by reasonable men and women valid and not indicative of an unwillingness to work." *Id.* Indeed, "[t]he purpose of denying a discharged employee unemployment benefits because of misconduct connected with work is to prevent these benefits from going to employees who lose their jobs because of callous, wanton and deliberate misbehavior." *Id.* at 165, 461 S.E.2d at 29 (quotation marks omitted). In that respect, one of the key considerations in determining, as a matter of law, whether an employee was discharged for "misconduct connected with the work" is whether the circumstances "display[ed] wrongful intent" in the employee's actions. *Id.* at 164, 461 S.E.2d at 28.

In the instant case, the Division found that Burroughs was discharged from employment for "insubordination" based solely upon Burroughs's refusal to sign a portion of the document that was presented to him in response to his complaint against the assistant manager. Burroughs communicated his support for, and willingness to sign, those portions of the agreement concerning his employer's future expectations; however, he declined to sign that portion acknowledging that his employer had fully investigated the allegations of his grievance and had taken appropriate corrective action.

The Division's findings of fact that Burroughs was terminated on the grounds of insubordination are supported by competent evidence, and are thus binding on appeal. *James,* 177 N.C. App. at 513, 629 S.E.2d at 328. Accordingly, the only issue remaining on appeal is whether, as a matter of law, Burroughs's refusal to attest that his employer had conducted a complete investigation into his internal complaint and taken appropriate "corrective actions" in response constituted "misconduct connected with the work." The superior court concluded that such "insubordination" did "not rise to the level of misconduct" sufficient to disqualify Burroughs from receiving unemployment insurance benefits. *Williams*, 120 N.C. App. at 165, 461 S.E.2d at 28. We agree.

Burroughs's refusal to attest to the completion of the investigation or the appropriateness of the corrective action that had been taken did not show a "wanton . . . disregard for [his] employer's interests, a deliberate violation of [its] rules, or a wrongful intent," *Intercraft Indus. Corp.*, 305 N.C. at 375, 289 S.E.2d at 359, but was instead "a reasonable response" to the disagreement at hand, *Williams*, 120 N.C. App. at 165, 461 S.E.2d at 28. Moreover, Burroughs's reluctance to acknowledge that his employer had conducted a complete investigation in no way prevented his employer from closing that investigation. *See Umstead v. Emp't Sec. Comm'n*, 75 N.C. App. 538, 541, 331 S.E.2d 218, 220 ("In this case, there were no logistical problems sufficient to constitute misconduct under the statute, caused by [the employee].")*, disc. review*

*denied*, 314 N.C. 675, 336 S.E.2d 405 (1985). The record reveals "no refusal to report to work or to perform an assigned task," in that Burroughs readily agreed to sign that portion of the document indicating his willingness to move forward and to abide by his employer's expectations. *Id.*

In these respects, the Division's findings and the evidence before it do not support a conclusion that Burroughs's insubordination constituted "callous, wanton and deliberate misbehavior." *Williams*, 120 N.C. App. at 165, 461 S.E.2d at 29 (quotation marks omitted). The superior court therefore correctly concluded that Burroughs's employer failed to meet its burden of showing that his conduct "rose to the level of culpability required for a finding of 'misconduct' within the meaning of the statute." *Umstead*, 75 N.C. App. at 542, 331 S.E.2d at 221.

Accordingly, we affirm the superior court's order reversing the Division's decision that Burroughs is disqualified from receiving unemployment insurance benefits.

AFFIRMED.

Judges STROUD and MURPHY concur.