IN THE MATTER OF: WALTER KIDDE & COMPANY, INC., POST OFFICE BOX
509, MEBANE, NORTH CAROLINA 27302 v. JACK D. BRADSHAW, ROUTE 1, BOX
365, MEBANE, NORTH CAROLINA 27302, SS. NO. 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, DOCKET NO. 4235 G;
ED FISHER, ROUTE 8, BOX 123, BURLINGTON, NORTH CAROLINA 27215, SS. NO.
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, DOCKET NO. 4242 G; GRADY L. HUNDLEY, ROUTE 2, BOX 576,
GRAHAM, NORTH CAROLINA 27253, SS. NO. 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, DOCKET NO. 4247 G;
DAVID A. TUTTLE, ROUTE 8, BOX 165, BURLINGTON, NORTH CAROLINA 27215,
SS. NO. 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, DOCKET NO. 4277 G; AND EMPLOYMENT SECURITY
COMMISSION OF NORTH CAROLINA, POST OFFICE BOX 25903, RALEIGH,
NORTH CAROLINA 27611

No. 8115SC524

(Filed 6 April 1982)

**Master and Servant § 108.1— unemployment compensation—playing cards not misconduct**

Employees were not discharged for misconduct in connection with their
work and thus were not disqualified to receive unemployment compensation
benefits where they were accused of and discharged for gambling; the
evidence failed to show that they were gambling in that it showed only that
they were playing cards on the employer's premises but failed to show that
they were playing for anything of value or exchangeable for value; and while
gambling among employees was prohibited by the employer, card playing at
the work place was not explicitly prohibited.

APPEAL by employer from *McLelland, Judge.* Judgment
entered 16 March 1981 in Superior Court, ALAMANCE County.
Heard in the Court of Appeals 13 January 1982.

Employer Walter Kidde and Company, Inc., appeals from a
Superior Court order affirming an Employment Security Commis-
sion decision that four former employees of employer were not
disqualified to receive unemployment benefits. A hearing was
held before Deputy Commissioner V. Henry Gransee, Jr., follow-
ing an appeal from the Appeal Referee's decision that claimants
not be disqualified for unemployment benefits. An appeal had
been taken to the Appeals Referee from a determination of the
Claims Adjudicator that claimants were not disqualified pursuant
to G.S. 96-14(2).

The evidence presented at the hearing before the Appeals
Referee tended to show that on 19 April 1980, at about 1:00 p.m.,
Maintenance Supervisor Jerry Cummings observed claimants in a
maintenance area known as the maintenance "cage." Claimants
were sitting around a piece of electronic equipment, approximate-

ly 30 inches by 30 inches, which was being utilized as a table. The make-shift surface was not a workbench or something around which employees usually sat. Two large tool boxes, about four and one-half feet tall, had been pushed against the end of the cage, obstructing the view into the cage. The tool boxes were not pushed completely together, however, and Cummings could see into the cage. He observed several stacks of washers before the men and saw one of the employees pass a deck of cards to another. It was not a full deck. The claimants looked sheepish and embarrassed when Cummings entered the cage. None of the men were on break time. They were, however, playing between shifts and were otherwise unoccupied. All four knew that the company has a policy against gambling. They later admitted having played poker, but denied playing for money. They were discharged for gambling on the job.

The Appeals Referee found that while the claimants may have been discharged for cause and for good business reasons, they were not playing cards for money and, therefore, were not gambling as their employer alleged. The Commission adopted the Appeals Referee's decision as its own, upholding his determination that claimants not be disqualified from receiving unemployment benefits. The Superior Court affirmed and employer appeals.

*Haynsworth, Baldwin, Miles, Johnson, Greaves and Edwards, by Charles P. Roberts, for plaintiff appellant.*

*Gail C. Arneke and C. Coleman Billingsley, Jr., for Employment Security Commission of North Carolina, appellee.*

MORRIS, Chief Judge.

The sole issue on appeal is whether claimants, were discharged because of misconduct associated with their work and are thus disqualified from receiving unemployment benefits.

Findings of fact of the Commission are conclusive if supported by the evidence, and judicial review is limited to determining whether errors of law have been committed. G.S. 96-15(i). The findings of fact to which appellant excepts are as follows:

5. The employer alleged they were discharged as a result of having found gambling for money while on company property and during a work day.

6. Each of the parties (claimants) involved denies having done any gambling for money. Each party (claimant) does agree that they were playing cards for a game or two, but not with any betting for money involved. Someone had found an incomplete deck of cards and while waiting for job assignments the four claimants fooled around playing a hand or two of cards.

7. The claimants were not playing cards for money and were not therefore gambling as the employer alleged. An employer witness stated that he thought they were gambling, but had not seen any money being passed. He had only observed washers on what might have been used as a card table.

We hold that these findings are fully supported by the testimony given at the hearing and reflected in the record. The findings of fact are, therefore, binding on appeal.

We hold, furthermore, that the facts support the Commission's conclusion that the claimants were not discharged for misconduct in connection with their work.

An employee will be disqualified for benefits if it is determined that he was discharged for misconduct connected with his work. G.S. 96-14(2). "Misconduct" as. that word is used in unemployment compensation law has been defined as

> . . . conduct evincing such wilful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee. . . .

*In Re Collingsworth,* 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973), *quoting Boynton Cab Company v. Neubeck,* 237 Wis. 249, 259, 296 N.W. 636, 640 (1941), where the Wisconsin Court noted that "mere inefficiency, unsatisfactory conduct . . . are not to be deemed 'misconduct' . . .". *Id.* at 260, 296 N.W. at 640. The facts support a conclusion that there was no wilful or wanton disregard of the employer's interest.

Claimants were accused of and discharged for gambling. There is no evidence that the men's card playing amounted to gambling, however. Appellant made no showing that money was passed, or that the washers on the make-shift table around which the employees sat had any value, or that they represented something of value. Appellant argues that its rule against gambling need not be limited to gambling for money. Every definition adduced by the parties depicts gambling as a game of chance in which money or something of value is at stake, however. The criminal offense of gambling in North Carolina, for example, is described as "any game of chance at which any money, property, or other thing of value is bet." G.S. 14-292. There is absolutely no evidence that the claimants' play was for anything, tangible or intangible, of value or exchangeable for value.

It is clear from the record and briefs that gambling among employees is prohibited by Walter Kidde and Company, Inc. Card playing, though perhaps undesirable at the workplace, was not explicitly prohibited. Claimants' conduct, therefore, violated no rule, and the Commission could legitimately conclude that claimants were not engaged in conduct evincing substantial disregard for the standard of behavior to which they were expected to adhere.

The judgment of the Superior Court is, for the reasons stated above,

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.