PATRICIA H. DOUGLAS v. J. C. PENNEY COMPANY AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 837SC364

(Filed 20 March 1984)

Master and Servant § 108.1— denial of unemployment compensation—discharge pursuant to misconduct

The evidence supported the Commission's findings of fact and the facts found supported the Commission's conclusions of law and resulting decision that claimant was discharged from her work for misconduct connected with work pursuant to G.S. 96-14(2) by, as a security officer, discussing security matters with store sales personnel. Because claimant was discharged for misconduct connected with work, she was properly denied benefits under the unemployment compensation statute.

APPEAL by claimant from *Phillips, Herbert O., III, Judge.* Judgment entered 19 October 1982 in Superior Court, WILSON County. Heard in the Court of Appeals 5 March 1984.

Claimant was employed as a security officer with J. C. Penney Company, from 16 September 1981 until 12 April 1982, at which time she was discharged for violating a company rule prohibiting discussion of security matters with non-security employees. The trial court affirmed the decision of the Employment Security Commission denying claimant benefits after finding that she was discharged pursuant to G.S. 96-14(2) for misconduct connected with work.

*Eastern Carolina Legal Services, Inc., by Wesley Abney, for claimant-appellant.*

*C. Coleman Billingsley, Jr., for defendant-appellee Employment Security Commission of North Carolina.*

VAUGHN, Chief Judge.

Claimant, in her sole assignment of error, excepts to the factual findings and legal conclusion of the Employment Security Commission. On appeal, our scope of review is to determine:

(1) whether there was evidence before the Commission to support its findings of fact; and

(2) whether the facts found support the Commission's conclusions of law and resulting decision.

*Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E. 2d 357 (1982).

The Employment Security Commission made the following findings of fact:

1. Claimant last worked for J. C. Penney Company on April 12, 1982. From April 11, 1982 until April 17, 1982, claimant has registered for work and continued to report to an employment office of the Commission and has made a claim for benefits in accordance with G.S. 96-15(a).

2. Claimant was discharged from this job for violating a company rule which states that security officers are prohibited from discussing security matters with store sales personnel. These matters were to be discussed solely with management and other security officers.

3. Claimant violated this rule on the following occasions: On April 7, 1982, claimant, a security officer, discussed with two sales clerks the termination of another salesperson who had been caught taking money from the cash register and voiding sales slips.

4. Claimant was or should have been aware of this rule because she was advised of said rule when hired.

The record reveals plenary evidence to support the Commission's findings. Counsel for claimant, in his brief, argues that Finding of Fact Number Four is unsupported by the evidence. Although this contention is not made the basis of an exception or assignment of error and, thus, does not require our review, we, nevertheless, note that store manager Mr. Hacker's testimony that he informed claimant of the rule when she was hired directly

supports Finding of Fact Number Four and renders groundless this contention. *See Electric Co. v. Carras*, 29 N.C. App. 105, 223 S.E. 2d 536 (1976); Rule 10(a), Rules of Appellate Procedure.

Claimant was denied benefits after it was determined that she was discharged for misconduct connected with work pursuant to G.S. 96-14(2). Misconduct, as that term has been construed by our courts, is conduct evincing a willful or wanton disregard for an employer's interest, as demonstrated by the following types of conduct:

> (1) deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee;

> (2) carelessness or negligence of such degree or recurrence that it manifests equal culpability, wrongful intent, or evil design, or shows an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*In re Collingsworth*, 17 N.C. App. 340, 343-44, 194 S.E. 2d 210, 212-13 (1973); *see also Intercraft Industries Corp. v. Morrison, supra; In re Cantrell*, 44 N.C. App. 718, 263 S.E. 2d 1 (1980).

Mere inefficiency or unsatisfactory job performance does not amount to misconduct. *In re Kidde & Co. v. Bradshaw*, 56 N.C. App. 718, 289 S.E. 2d 571 (1982). Nor does violation of a work rule constitute misconduct if the evidence shows that the employee's actions were reasonable and taken with good cause, good cause being that deemed by reasonable men and women valid and not indicative of an unwillingness to work. *Intercraft Industries Corp. v. Morrison, supra.*

Claimant, who was informed of the company's confidentiality rule on at least one occasion, contends that because she did not intentionally violate the rule, she cannot be guilty of misconduct. We disagree. Confidentiality is an integral part of a store's security. By breaking confidentiality, claimant violated a standard of behavior the company rightfully expected of its security employees. Claimant's actions, even if not intentional, manifested such a degree of carelessness as to show a substantial disregard of her employer's interests and of her duty to protect those interests. The evidence, furthermore, did not show claimant's viola-

Douglas v. J. C. Penney Co.

tion of the company work rule to be reasonable and with good cause. Claimant's actions, in short, constituted misconduct.

Claimant's attorney, in his brief, raises a question of due process, contending that claimant was denied such when her motion to remand in order to hear testimony from two of the company's employees was denied by the Employment Security Commission. Claimant had a hearing with the opportunity to present and refute any evidence. That claimant chose not to call these witnesses at the initial hearing does not entitle her to a rehearing. It was within the discretionary power of the Commission to deny claimant's motion to remand. *See* G.S. 96-15(e). Claimant, who received both administrative and judicial review, has been accorded procedural due process.

The Employment Security Commission correctly applied the law to the facts and we repeat its apposite conclusion that

> [C]laimant violated a known company rule. Furthermore, the rule is reasonable and claimant's employer has the right to expect that its employees will not violate the rule. Claimant's violation of the rule evinced a wilful disregard of the employer's interest.

> Claimant must, therefore, be disqualified for benefits for having been discharged from the job for misconduct connected with the work.

The trial court order affirming this decision must be and is affirmed.

Affirmed.

Judges WHICHARD and PHILLIPS concur.