ANGELIA BAXTER v. BOWMAN GRAY SCHOOL OF MEDICINE AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 8721SC281

(Filed 20 October 1987)

**Master and Servant § 108.1— employee lying down at work—failure to record on time card—employee fired—employee not disqualified from receiving employment compensation**

> Where petitioner was fired because she failed to record on her time card that she lay down for forty-five minutes while on duty because of a dizzy spell, the trial court erred in determining that petitioner was disqualified from receiving unemployment insurance benefits for an appropriate period because her dismissal was due to "substantial fault" on her part, since not recording a temporary period when an employee was available for work but not working had been approved by the employer, through its supervisors, on two previous occasions; the practice was neither inherently wrong nor injurious to the employer, as petitioner was available for duty and subject to call at all times; and the practice violated no rule of the employer or any custom followed by the other employees. N.C.G.S. § 96-14(2A).

APPEAL by petitioner from *Morgan, Judge.* Judgment entered 9 December 1986 in Superior Court, FORSYTH County. Heard in the Court of Appeals 1 October 1987.

*Legal Aid Society of Northwest North Carolina, Inc., by J. Griffin Morgan and Ruth Norcia Morton, for petitioner appellant.*

*No brief filed for respondent appellee Bowman Gray School of Medicine.*

*T. S. Whitaker and Kathryn S. Aldridge for respondent appellee Employment Security Commission of North Carolina.*

PHILLIPS, Judge.

On Monday, March 17, 1986, petitioner, who had worked as a licensed practical nurse in the respondent school's family practice clinic for three years, was fired because on the preceding Saturday she did not record on her time card that she laid down while on duty for forty-five minutes because of a dizzy spell. Her application for unemployment insurance benefits was denied by the Employment Security Commission and affirmed by Superior Court Judge Melzer A. Morgan, Jr. on the ground that she was disqualified from receiving benefits for an appropriate period under the provisions of G.S. 96-14(2A) because her dismissal was due to "substantial fault" on her part. The correctness of this legal conclusion is the only question raised by this appeal, for the findings of fact upon which it rests are not disputed.

In substance the Commission found the following facts: The respondent school operates its family practice clinic with a full staff each weekday from 8 a.m. until 5 p.m. and with a reduced, volunteer staff on Saturdays for half a day. Each employee's daily time on duty is recorded on a time card by the employee either punching in and out on the time clock or by writing the times involved on the card. No nursing supervisor is on duty in the clinic on Saturdays and the nurses who work then customarily work out their nursing duties among themselves. Petitioner was off from work the five days preceding Saturday, 15 March 1986, because she had the flu, and while on duty that day she began to feel faint. She knew that light-headedness can be experienced while recovering from the flu, but did not seek medical treatment because in her opinion there was nothing a doctor could do about it; and she told the other nurse on duty of her dizzy spell and that she was going to lie down for awhile in an adjacent examination room. It was understood between the two nurses that the co-worker would call the petitioner if she was needed to perform any clinic service; and during the forty-five minutes or so that petitioner laid down in the examination room she was within hearing distance of her co-worker, was available to help with the services if needed, and the employer's clinical services were not impaired. On a previous occasion when petitioner did not feel well her supervisor permitted her to lie down during the work period, and on a similar occasion the supervisor of petitioner's co-worker permitted her to do the same thing. On both such occasions "the

claimant and the co-worker were still 'on the clock' while they were lying down." Clinic employees had been told to record times when they are away from the work area eating lunch or attending to personal affairs, but "[n]o employer policy was introduced regarding how employees are to record the time during which they are temporarily incapacitated and there is no supervisor on duty to give them permission to lie down without clocking out."

These facts, in our opinion, do not support the conclusion that in not recording on her time card the forty-five minutes that she was dizzy and laid down petitioner was substantially at fault within the purview of G.S. 96-14(2A) or for that matter that she was at fault to any extent. Fault to any degree requires an improper act or omission, Black's Law Dictionary 738 (rev. 4th ed. 1968), or a "deviation from prudence, rectitude, or duty," 35 C.J.S. *Fault* p. 961 (1960); and an employee who does only what her employer had previously approved and apparently had never disapproved or forbidden cannot be said to have acted improperly or to have deviated from prudence, rectitude, or duty. Not recording a temporary period when an employee was available for work but not working had been approved by the employer, through its supervisors, on two previous occasions; the practice was neither inherently wrong nor injurious to the employer, as petitioner was available for duty and subject to call at all times, and it violated no rule of the employer or any custom followed by the other employees. The Commission's argument that the rule requiring employees to clock out when they leave work for lunch and to attend to personal business applied to petitioner's situation has no basis. A rule directed at personal activities of an employee away from the work premises cannot be construed to apply to employees who in the work area are temporarily incapacitated or inconvenienced; for an employee away from the work place in a restaurant, beauty shop or dentist's office, eating lunch or having her hair set or teeth cleaned, cannot serve her employer if needed, while an employee on the work premises who is not disabled though under a temporary handicap can serve the employer as needed. That petitioner did no work during the forty-five minutes involved is not decisive, since she arranged for the employer's services to continue while she was temporarily not working and so far as the evidence indicates there was no work she needed to do during that time. Nor, as the Commission finally argues, did

either honesty or prudence require the employee to report her illness and temporary inactivity to her supervisor on Monday. If it had been shown that periods of temporary illness that occur on Saturdays when no supervisor is present are usually reported to a supervisor at the first opportunity later, or that temporary periods of employee inactivity due to illness are "on the clock" only when expressly approved by a supervisor, or that some such periods had not been so approved, the argument *might* be valid, but under the circumstances recorded it is not.

None of the decisions relied upon by the Commission and the trial court apply to the circumstances recorded here. *Smith v. Spence & Spence*, 80 N.C. App. 636, 343 S.E. 2d 256, *disc. rev. denied*, 317 N.C. 707, 347 S.E. 2d 440 (1986) and *Yelverton v. Kemp Furniture Industries, Inc.*, 51 N.C. App. 215, 275 S.E. 2d 553 (1981) involved employee misconduct that was detrimental to the employer's business, while this petitioner did nothing that was either wrong or had been forbidden and her employer suffered no harm whatever. *In re Williams v. SCM Proctor Silex*, 60 N.C. App. 572, 299 S.E. 2d 668, *disc. rev. denied*, 308 N.C. 544, 304 S.E. 2d 243 (1983) involved an employee that falsified production records in order to obtain an overpayment, whereas this petitioner had no production quota to meet and instead of falsifying her time recorded it precisely as the employer, through its supervisors, had approved on at least two previous occasions. And *Williams v. Burlington Industries, Inc.*, 318 N.C. 441, 349 S.E. 2d 842 (1986) involved an employee who left work early three days in a row without notifying his supervisor and intentionally falsified his time records to indicate that he stayed until the designated time each day.

The judgment appealed from is therefore reversed and the matter is remanded to the Commission for the entry of an order awarding petitioner the benefits that the record and this opinion show that she is entitled to.

Reversed and remanded.

Judges COZORT and GREENE concur.