IN THE MATTER OF: CONCHITA P. SMITH, PETITIONER-APPELLANT v. KINDER CARE LEARNING CENTERS, INC. AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENT-APPELLEES

No. 8810SC1354

(Filed 18 July 1989)

1. **Master and Servant § 108.2 — unemployment compensation — day-care teacher's use of physical punishment — violation of employer's rule — misconduct disqualifying employee from receiving benefits**

    The Employment Security Commission did not err in finding that petitioner willfully and without good cause violated her employer's rule against physical punishment and in con-

IN RE SMITH v. KINDER CARE LEARNING CENTERS

[94 N.C. App. 663 (1989)]

cluding that her actions amounted to misconduct connected with her work so as to disqualify her from receiving unemployment benefits pursuant to N.C.G.S. § 96-14(2) where the evidence tended to show that petitioner was a driver and teacher in a day-care center; while pregnant, she was hit in the stomach by a student who was swinging her book bag; petitioner's immediate reaction was to hit the student on the shoulder to keep her from further hitting petitioner with the book bag; and petitioner knew that corporal punishment was not allowed and knew that failure to comply with her employer's discipline policy was a reason for immediate termination.

2. **Master and Servant § 108.1 — denial of unemployment compensation — single violation of employer's rule sufficient basis**

The Employment Security Commission did not err in basing its decision to deny unemployment compensation upon petitioner's single violation of her employer's rule against use of corporal punishment where petitioner violated a significant rule based on State law. N.C.G.S. §§ 96-14(2); 110-85; 110-91(10).

Judge EAGLES dissenting.

APPEAL by petitioner from *Allen (J. B., Jr.), Judge.* Judgment entered 11 July 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 8 June 1989.

Petitioner worked at a day-care facility as a teacher and van driver. Petitioner's employer discharged her for violating the employer's rule against physical punishment of children. The Employment Security Commission denied petitioner's claim for unemployment benefits on the grounds that her employer discharged her for misconduct connected with her work. Petitioner appeals from the trial court's judgment affirming the decision of the Commission.

*East Central Community Legal Services, by William D. Rowe, for petitioner-appellant.*

*Maupin, Taylor, Ellis & Adams, P.A., by Margie T. Case and Rodney O. Lohman, for respondent-appellee Kinder Care Learning Centers, Inc.*

*Chief Counsel T. S. Whitaker for respondent-appellee Employment Security Commission of North Carolina.*

IN RE SMITH v. KINDER CARE LEARNING CENTERS

[94 N.C. App. 663 (1989)]

PARKER, Judge.

[1]  In reviewing a decision of the Employment Security Commission, the court must (i) determine whether the Commission's findings of fact are supported by competent evidence and (ii) decide whether the findings of fact support the Commission's conclusions of law and its final decision. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 376, 289 S.E. 2d 357, 359 (1982). The burden is on the employer to show that a discharged employee is disqualified from receiving benefits. *Id.* In the present case, petitioner contends that the Commission erred in finding that she willfully and without good cause violated her employer's rule against physical punishment and in concluding that her actions amounted to misconduct connected with her work so as to disqualify her from receiving unemployment benefits pursuant to G.S. 96-14(2).

The incident leading to petitioner's discharge occurred on 20 November 1987 while petitioner was organizing a group of children whom she had driven to the day-care facility. The Commission made the following findings of fact regarding the incident:

6. The claimant was pregnant at the time of the final incident that caused her termination.

7. The young student (approximately nine (9) years of age) was horsing around. The student was swinging her book bag and struck the claimant with it. The claimant's immediate raction [sic] was to hit the student on the shoulder to keep her from further hitting the claimant with the book bag.

8. The claimant then grabbed the student by the sleeve and was attempting to take the student to the end of the line for the bus. The student tripped and fell.

9. The incident was reported by both the claimant and a parent who observed the situation.

10. Claimant was or should have been aware of [the rule against physical punishment] because it is a well known and established rule of which the claimant was very much aware.

Petitioner did not except to findings of fact 6 through 10 and, therefore, those findings are binding on appeal. *In re Hagan v. Peden Steel Co.*, 57 N.C. App. 363, 364, 291 S.E. 2d 308, 309 (1982). Petitioner has excepted only to the Commission's findings that she violated her employer's rule and that the violation was willful

and without good cause. These findings are conclusive if supported by competent evidence. *Intercraft Industries Corp. v. Morrison*, 305 N.C. at 377, 289 S.E. 2d at 360.

We find no merit in petitioner's contention that she did not violate the rule. The rule is embodied in a document entitled "Discipline Policies and Procedures" which provides in pertinent part: "*No* corporal/physical punishment shall be used!" Petitioner signed a copy of the document which contained a statement that she understood that failure to comply with discipline policy is a reason for immediate termination. Petitioner argues that she did not violate the rule because her striking the child was a reflexive action and she did not intend it to be a disciplinary measure. This argument is based upon an overly narrow reading of the rule. The clear intent behind the rule is that employees should never use physical violence for any purpose in their dealings with children. Therefore, petitioner's reason for striking the child is irrelevant.

Similarly, we find no error in the Commission's finding that petitioner "willfully" violated the rule. The word "willful" may have different meanings in different contexts. *See* Black's Law Dictionary 1434 (5th ed. 1979). In this case, the undisputed evidence shows that the act constituting the violation was intentional as opposed to accidental or negligent; therefore, it was a willful violation.

We also find no error in the Commission's finding that petitioner violated the rule without good cause. Violation of a work rule does not constitute misconduct under G.S. 96-14(2) if the employee acted reasonably and with good cause. *Intercraft Industries Corp. v. Morrison*, 305 N.C. at 375, 289 S.E. 2d at 359. Our courts have defined good cause as "a reason which would be deemed by reasonable men and women valid and not indicative of an unwillingness to work," *id.* at 376, 289 S.E. 2d at 359, and as "justifiable or reasonable under the circumstances." *In re Cantrell*, 44 N.C. App. 718, 722, 263 S.E. 2d 1, 3 (1980) (quoting *McLean v. Board of Review*, 476 Pa. 617, 620, 383 A. 2d 533, 535 (1978) ). The existence of good cause is a question of fact. *Intercraft Industries Corp. v. Morrison*, 305 N.C. at 377, 289 S.E. 2d at 360.

Petitioner contends that she acted reasonably and with good cause because she was pregnant and the child hit her in the stomach with a book bag. We disagree. One who assumes responsibility for young children must be prepared to deal with unruly behavior in the proper manner. The findings and evidence show that pe-

titioner's immediate reaction to the child's act was to respond with her own violent act. The evidence does not show that the blow from the book bag caused petitioner any harm or pain, nor does it show that petitioner had to resort to physical force to prevent another blow. The Commission may properly refuse to find good cause for the violation of an employer's rule where more prudent alternatives were available to the employee. *See In re Cantrell,* 44 N.C. App. at 723, 263 S.E. 2d at 4. Respondent employer had provided training in alternative methods for dealing with disruptive and unruly children, and petitioner concedes in her brief that "other alternative reactions were possible." Therefore, the Commission's finding that petitioner violated her employer's rule without good cause is supported by competent evidence.

Petitioner next contends that her violation of the rule did not constitute misconduct within the meaning of G.S. 96-14(2). The statute provides in pertinent part:

> Misconduct connected with the work is defined as conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

Every violation of an employer's rule does not necessarily amount to misconduct. *In re Kahl v. Smith Plumbing Co.,* 68 N.C. App. 287, 289, 314 S.E. 2d 574, 576 (1984). Petitioner contends that her violation did not constitute misconduct because it was a single instance of poor judgment and she did not act with the intent to harm the interests of her employer.

We agree with petitioner that there is no evidence to show that she intended to act in a manner adverse to her employer's interests. Although G.S. 96-14(2) requires a showing of more than simple negligence such that an employee's intent is a relevant consideration, *Williams v. Burlington Industries, Inc.,* 318 N.C. 441, 456, 349 S.E. 2d 842, 851 (1986), the statute does not require a finding of a specific intent to harm the employer in all cases. Misconduct may be found based upon a showing of "deliberate violations or disregard" of the employer's standards of behavior.

In the present case, the act constituting the violation was intentional and, therefore, it cannot be classified as negligence. *See Jenkins v. Department of Motor Vehicles*, 244 N.C. 560, 563, 94 S.E. 2d 577, 580 (1956); *Lail v. Woods*, 36 N.C. App. 590, 244 S.E. 2d 500, *disc. rev. denied*, 295 N.C. 550, 248 S.E. 2d 727 (1978). Because petitioner was charged with knowledge of the rule against physical punishment, her actions amounted to a deliberate violation of the rule. Therefore, we find little merit in petitioner's argument that her conduct was merely an instance of "poor judgment." Cases from other jurisdictions upon which petitioner relies are not pertinent to this case because they involve physical altercations between adult employees. *See, e.g., Anderson v. Florida Unemployment Appeals Comm'n*, 517 So. 2d 754 (Fla. Dist. Ct. App. 1987).

[2] Petitioner also contends that the Commission erred in basing its decision upon a single violation of the rule. Although the frequency of an employee's improper conduct is relevant under G.S. 96-14(2), the seriousness of a particular rule violation is also a relevant factor in determining whether an employee is guilty of misconduct. In this case, petitioner violated a clearly stated rule after she had been informed that such a violation was grounds for termination. The General Assembly has declared its intent to protect children who are placed in day-care facilities through regulation of the facilities. G.S. 110-85. Facilities are required by statute to have written policies on discipline which must be given to parents of enrolled children. G.S. 110-91(10). Regulations governing day-care facilities expressly prohibit any form of corporal punishment. 10 N.C. Admin. Code 3U.1801.

Thus, petitioner violated a significant rule based on State law. In *Douglas v. J. C. Penney Co.*, 67 N.C. App. 344, 313 S.E. 2d 176 (1984), this Court upheld a finding of misconduct where a security officer was discharged for one instance of discussing confidential information with other employees. We noted that "[c]onfidentiality is an integral part of a store's security." *Id.* at 346, 313 S.E. 2d at 178. In this case, the important policy underlying the rule which petitioner violated justifies the Commission's finding of misconduct based upon a single violation.

For the foregoing reasons, the judgment affirming the decision of the Employment Security Commission is affirmed.

Affirmed.

IN RE SMITH v. KINDER CARE LEARNING CENTERS

[94 N.C. App. 663 (1989)]

Judge ORR concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent. I would reverse the decision below because the facts found here do not support the conclusion that petitioner was guilty of misconduct so as to disqualify her from unemployment benefits.

The findings of fact here show that petitioner violated her employer's rule against inappropriate discipline (any corporal or physical punishment). A student hit petitioner in the stomach with a book bag. Petitioner was pregnant at the time. Petitioner's "immediate raction [sic] was to hit the student in the shoulder to keep her from further hitting the [petitioner] with the book bag." The hearing officer also found that petitioner was aware of the rule against corporal punishment and promptly informed her supervisor of the incident. I do not agree that these facts support the conclusion that petitioner's actions constitute misconduct under G.S. 96-14(2). Misconduct means

> conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior . . ., or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations. . . .

G.S. 96-14(2).

Deliberate means "[w]illful rather than merely intentional." Black's Law Dictionary 384 (5th ed. 1979). Deliberate actions are those taken after weighing the consequences. *Id.* The facts here do not show petitioner acted deliberately. Her actions were more a reflex. Additionally, I do not believe petitioner's actions show an "intentional and substantial disregard of the employer's interests or of the employee's duties and obligations." Although petitioner's actions may have shown poor judgment on her part and properly subjected her to termination by her employer, they do not constitute the type of conduct that should disqualify her from unemployment benefits.