GUILFORD COUNTY, PETITIONER/APPELLANT v. LUNA R. HOLMES, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS/APPELLEES

No. 9018SC855

(Filed 5 March 1991)

**Master and Servant § 108.1 (NCI3d) — unemployment compensation — employee leaving work station — no misconduct or fault connected with work — right to benefits**

Respondent was not disqualified from receiving unemployment benefits where the evidence before the Employment Security Commission showed that she was not discharged for misconduct or substantial fault connected with her work, but instead was discharged for unsatisfactory job performance where she continued to leave her work station after being requested not to do so; she left to deliver phone messages and was in pursuit of her job duties when she did deliver messages; and she was not aware that her job was jeopardized by this conduct.

**Am Jur 2d, Unemployment Compensation §§ 53, 54, 61.**

APPEAL by petitioner from judgment entered 14 May 1990 in GUILFORD County Superior Court by *Judge James A. Beaty*. Heard in the Court of Appeals 19 February 1991.

Respondent Holmes (Holmes) was terminated from her position as a receptionist with Guilford County Emergency Services on 13 September 1989, and filed a claim for unemployment benefits. Petitioner initially listed the reason for discharge as unsatisfactory job performance. Petitioner's eligibility for benefits came on for hearing, and an adjudicator with respondent Employment Security Commission (ESC) held that Holmes was not disqualified, since

she was not discharged for misconduct or substantial fault connected with her work.

Petitioner appealed, and the case was heard by a referee, who found the following facts and concluded that respondent was not disqualified:

1. Claimant last worked for Guilford County Emergency Services on September 13, 1989 as a receptionist. From October 29, 1989 until November 11, 1989, claimant has registered for work and continued to report to an employment office of the Commission and has made a claim for benefits in accordance with G.S. 96-15(a). The claimant filed a New Initial Claim effective October 29, 1989. The claimant's weekly benefit amount is $128.00. The claimant's maximum benefit amount is $3,328.00.

2. The Adjudicator, Peggy Dixon, issued a conclusion under Docket No. 12461-2 holding claimant is not disqualified from receiving benefits under Section 96-14(2) or (2a). Employer appealed. Pursuant to G.S. 96-15(c), this matter came on before the undersigned Appeals Referee for hearing. Present for the hearing were: claimant, Susan Shields, administrative assistant, and Alice Burkholder, employee relations officer for observation purposes only. The employer was represented by attorney J. Edwin Pons.

3. The claimant was discharged from this job because of alleged unsatisfactory job performance.

4. The claimant was employed from April 3, 1989 until September 13, 1989. The claimant's primary duty required her to answer the telephone, to greet customers and to locate information for the account receivable billing system.

5. The claimant received an appraisal after three months of employment and was deemed to have performed in a satisfactory manner. The problem area at that time that were [sic] brought to claimant's attention were [sic] her frequent habit of leaving the workarea [sic] to personally give messages to employees.

6. Despite the employer's request for claimant to remain in her workarea [sic], claimant continued to leave the workarea [sic] to give messages to employees. Claimant, however, personally delivered messages only when she was informed by

the caller that the message was an emergency and claimant knew that the employee was in the building, though away from his telephone.

7. On September 13, 1989, claimant received a second appraisal and at that time [was] terminated. The employer alleged that during the first and second appraisals that claimant's performance declined and that claimant was periodically advised of her decline. The claimant denied the allegations. The claimant was not informed that her job performance declined during the interval of the two appraisals. Therefore, claimant was unaware that her job performance jeopardized her job.

Petitioner then appealed to ESC. ESC affirmed the decision and adopted it as the decision of the Commission, after further finding that respondent was in pursuit of her work duties when away from her work station, let others know where she was going when she left her desk, and performed her job duties regarding accounts receivable as best she could. Petitioner appealed to superior court, and the court affirmed the decision, holding that competent evidence in the record supported the findings of fact, and that ESC properly applied the law to these facts. Petitioner appeals.

*J. Edwin Pons for petitioner-appellant.*

*Thomas S. Whitaker and C. Coleman Billingsley, Jr. for respondent-appellee Employment Security Commission of North Carolina.*

*No brief for respondent-appellee Luna R. Holmes.*

WELLS, Judge.

Petitioner brings forward two assignments of error, contending that the trial court erred in holding that competent evidence supported ESC's findings of fact and that ESC had properly applied the law to these facts. We affirm.

Findings of fact in an appeal from a decision of the Employment Security Commission are conclusive if supported by any competent evidence. *Celis v. N.C. Employment Security Comm.,* 97 N.C. App. 636, 389 S.E.2d 434 (1990). Petitioner contends that finding of fact 6 is erroneous in stating that Holmes personally delivered messages only when informed by the caller that the message was an emergency. While Holmes did testify that she delivered messages

personally under such circumstances, she also testified that she delivered messages when she felt it was important or when the call sounded particularly urgent. Based on our holding below, however, we do not perceive this misstatement to be of any consequence.

Petitioner also contends that the trial court erred in holding that finding of fact 7 is supported by competent evidence in the record. This finding of fact was not challenged at the trial court level, however, and is therefore not properly before us. *See Matter of Vinson*, 42 N.C. App. 28, 255 S.E.2d 644 (1979). We note that petitioner's argument is that its agent's testimony, rather than Holmes', should be believed on this point. It is not our province to determine the credibility of witnesses. *See Dunlap v. Clarke Checks, Inc.*, 92 N.C. App. 581, 375 S.E.2d 171 (1989).

In its second assignment of error, petitioner contends that ESC did not properly apply the law to the facts found. Holmes may be disqualified from receiving any benefits if she was fired for misconduct connected with her work. N.C. Gen. Stat. § 96-14(2). She may be disqualified for a period ranging from four to 13 weeks if she was fired for substantial fault connected with her work. N.C. Gen. Stat. § 96-14(2A). The employer has the burden of establishing disqualification. *Intercraft Industries Corp. v. Morrison*, 305 N.C. 373, 289 S.E.2d 357 (1982).

Petitioner bases its arguments that Holmes should have been disqualified at least partially from receiving benefits on its position that she left her work area to deliver *routine* phone messages after being told not to do so. A violation of a reasonable work rule may constitute misconduct. *Id.* The crucial inquiry is whether the employee's actions were reasonable and undertaken with good cause. *Id.* Good cause is a reason which would be deemed valid by reasonable men and women. *Helmandollar v. M.A.N. Truck & Bus Corp.*, 74 N.C. App. 314, 328 S.E.2d 43 (1985).

It is apparent from the properly supported findings of fact that ESC believed Holmes behaved in a reasonable fashion, delivering messages when it was necessary in pursuit of her job duties and informing others when she left. There is nothing in these findings which would mandate a conclusion that Holmes showed a "wilful or wanton disregard of the employer's interest." *See Walter Kidde & Co., Inc. v. Bradshaw*, 56 N.C. App. 718, 289 S.E.2d 571 (1982). Finally, ESC adopted the finding of fact stating that Holmes

was fired for alleged inadequate job performance. Inadequate job performance does not amount to misconduct. *See Douglas v. J.C. Penney Co.*, 67 N.C. App. 344, 313 S.E.2d 176 (1984).

There is also nothing in these findings which would compel the conclusion that respondent should have been partially disqualified from receiving benefits. N.C. Gen. Stat. § 96-14(2A) defines substantial fault as "those acts or omissions of employees over which they exercised reasonable control and which violate reasonable requirements of the job but shall not include (1) minor infractions of rules unless such infractions are repeated after a warning was received. . . ." The findings state that Holmes continued to leave her work station after being requested not to do so. They also state that she was not aware that her job was jeopardized by this conduct, and she was in pursuit of her job duties when she did deliver messages. It does not appear from these findings that ESC believed Holmes to have done anything which she was forbidden to do, or which harmed petitioner. *See Baxter v. Bowman Gray School of Medicine*, 87 N.C. App. 409, 361 S.E.2d 109 (1987). This dispute centers on the frequency with which Holmes delivered messages. If, as petitioner suggests in its brief, its request amounted to the spelling out of a rule that Holmes was *never* to leave her work station, the findings of fact call into question the reasonableness of such a requirement. ESC was not required, therefore, to apply the substantial fault level disqualification to this case. This assignment of error is overruled.

Affirmed.

Judges GREENE and WYNN concur.